

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. B. T. Walters
County Auditor, Smith County
Tyler, Texas

Dear Sir:

Opinion No. O-3718
Re: Employment of common school
trustee as school bus driver
for County Transportation
System.

We are in receipt of your request for an opinion
by this Department in which you submit the following questions:

"Please advise if the Board of County Trustees may
lawfully employ a trustee of a common school district
of the county to drive a county bus where all funds to
operate the bus come from the County Transportation Fund.
If such contract may be made, then would it be legal
where the trustee owns the bus and receives all the bus
earns under the Transportation Fund, and any deficit in
State payment is made up from the local funds of the
district?

"Please advise if a board of trustees of a common
school district may purchase supplies for the school
from one of the members of such board."

You also state that the districts in question are
rural aid schools.

H. B. No. 284, Acts 47th Legislature, Regular
Session, the Rural Aid Appropriation Bill for the ensuing
two years beginning September 1, 1941, provides the following
with reference to transportation aid:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. B. T. Walters, page 2

"Sec. 1. The County Superintendent and County
School Boards of the several counties of this State,
subject to the approval of the State Superintendent
of Public Instruction, are hereby authorized to
annually set up the most economical system of trans-
portation possible for the purpose of transporting
both grade and high school pupils from their districts
and within their districts. The county shall be regarded
as a unit and the warrant made payable to the County Board
of Transportation Fund, on the total transportation earned
within the County not to exceed the total approved cost
thereof, and the County Board of Education shall distri-
bute the funds equitably to the Districts operating such
transportation system not to exceed the actual approved
cost of any one bus so operated. . . ."

"Sec. 4. County Boards of Trustees are hereby
authorized to employ bus drivers for one year and the
salary of no bus driver may be paid out of the County
Board Transportation Fund created herein unless such bus
driver is so employed. Provided further, that only
pupils or persons directly connected with the school
system shall be transported on school buses while in
the process of transporting pupils to and from the
school and any bus driver violating the foregoing pro-
visions shall forfeit his contract and shall be
immediately discharged by the County Board of Trustees.
However, subject to the provisions herein, bus drivers
who own their own buses and are so employed may be given
a contract for not to exceed two (2) years conditioned
that said bus drivers agree to make improvements on
their buses, so as to more adequately insure safer trans-
portation for the scholastics, and the route of such bus
is not changed for the second year of the contract."

In opinion No. O-1031 we ruled that under the
county unit system of transportation, the County Board of
School Trustees might employ a bus driver who was related
within the prohibited degree to a member of the local board,
although the salary of such driver was paid from local funds
and such contract would not be in violation of Articles 432,
433 and 435 of the Penal Code. Under these statutes however
the local Board of Trustees could not legally employ a bus
driver related within the prohibited degree to one of its
members.

Hon. B. Y. Walters, page 3

The first question presented by you differs from the situation considered in the foregoing opinion in that here the County Board proposes to employ one of the members of the local board and not merely a person related to him; however, upon a careful reading of Articles 432, 433 and 435 we think that such employment by the County Board would no more violate the nepotism statutes than the employment of a person related within the prohibited degree to a local board member. Where a bus driver is to be paid entirely out of the County Transportation Fund and is employed by the County Board of Trustees, it is our opinion that the local board of school trustees and the local school district are not parties to the contract, and the County Board of School Trustees may therefore lawfully employ a local school trustee to drive a county school bus.

In the second portion of your first question a much different problem is presented. There, any difference between the compensation agreed upon by the driver and the County Board, and the amount available for payment out of the County Transportation Fund, is to be paid to the driver out of the local maintenance funds of the district. The common school trustees are responsible for the proper expenditure of the local funds of their district and "they shall approve all claims against school funds of their district." Article 2749, R.C.S., 1925. Not only would a common school trustee in the performance of his official duties be called upon to pass upon a claim against his own district in which he is interested, and thus place himself in incompatible positions, but in order to obligate the local funds of the district to pay a deficit or any portion of the compensation of a bus driver therefrom, the local board would in effect become a party to the contract with such driver. It is our opinion that a common school trustee may not be employed as a school bus driver where the local funds of his district are to be used to pay all or a part of his compensation as such driver. See authorities cited in opinions Numbers O-1014, O-863 and O-878, copies of which are enclosed herewith.

The first sentence of your first question is therefore answered in the affirmative and the second sentence of said question is answered in the negative.